UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KEVIN JONATHAN DOMINIQUE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:10-CV-181 |
| | § | |
| GREGORY L MITCHELL, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

Before the Court is a lawsuit Plaintiff Kevin Jonathan Dominique (TDCJ #1558429) filed against Angleton police officers Gregory L. Mitchell, Ronald Gentry and Joe D. Lares, alleging use of excessive force during his arrest. Defendants have filed a motion to dismiss, or, in the alternative, motion for summary judgment, arguing that they are entitled to qualified immunity and that the evidence does not support a constitutional violation. Because the Court has considered the defendants' affidavits and other materials in making its ruling, defendants' motion will be considered a request for summary judgment. After considering the summary judgment motion and exhibits, the Court **GRANTS** the motion for the reasons that follow.

I.   **BACKGROUND**[1]

In May 2008, an Angleton resident notified police that a man she did not know parked his red Honda Civic in her garage then backed out and sped away. A number of officers responded to the dispatch call in an attempt to locate the driver of the vehicle, later determined to be Plaintiff Dominique. Defendant Mitchell, riding a marked motorcycle, located the vehicle weaving in and out of a WalMart parking lot at a high rate of speed. Mitchell activated his lights and sirens and attempted to make a traffic stop; Dominique fled at a high rate of speed into the street, lost control of his vehicle, and spun around.

Defendant Gentry, driving a marked patrol unit, then joined the chase. Dominique began to flee in reverse until he backed into a gate that led to an adjacent pasture and wooded area. Gentry then stopped his vehicle in front of Dominique's in an attempt to block it from making any further movements. At this point, Mitchell and Gentry exited their vehicles and ordered Dominique to exit his vehicle. Dominique ignored the order and, instead, rammed his vehicle in reverse through the gate and into a heavily wooded area. Continuing to drive in reverse, Dominique crashed through trees and brush.

---

[1] The Court recites the factual background viewing any disputed issues of fact in plaintiff's favor as the summary judgment posture requires, but from the perspective of the officers as the law on excessive force requires.

At this point, Lares and another officer who is not a defendant in this case, Hoskins, arrived at the scene. All four officers were on foot in the woods, attempting to get Dominique to stop the vehicle. Dominique sped back and forth, revving his engine, and careening between trees. At one point, Dominique swerved his vehicle to within five feet of Gentry, who shot at the vehicle's front tire in an attempt to get it to stop. Gentry attempted to find cover, but Dominique drove towards Gentry again, prompting Gentry to fire a second shot at the vehicle's back tire. Gentry's pistol then jammed.

Dominique redirected his vehicle toward Lares and Mitchell. Mitchell began yelling "Don't do it! Don't do it!" When the vehicle was within ten to twelve feet of the officers, Mitchell and Lares both discharged their firearms. Dominique changed directions once again, heading in reverse for Gentry. Gentry, who states that he feared for his life, fired a shot into the driver's side window.

Dominique's vehicle finally stopped for a moment when it became lodged between two trees. He continued to rev the engine, but the wheels just spun in place.

Despite his vehicle coming to a stop, Dominique's erratic and dangerous behavior continued. Lares approached the driver's side window, and broke the glass with his baton. He reached into the vehicle, attempting to turn it off. Hoskins also approached the shattered driver's side window and noticed that

Dominique had a bullet wound on his arm. Hoskins dove into the window, with his feet of the ground, in an attempt to reach the ignition. Dominique tried to push away, then grabbed the gear shift and was able to get the vehicle to move in reverse. Hoskins was hanging out the car window while it was travelling in reverse. After a few moments, Mitchell was able to pull Hoskins out of the open window. The vehicle then backed into a tree, but Dominique accelerated once again driving the vehicle toward Hoskins and Mitchell. Hoskins had to dive out of the way. Docket Entry Nos. 31-6, 8, 11.

Dominique's vehicle continued to hit a number of trees before coming to rest in a drainage ditch. Dominique then exited the vehicle and tried to flee on foot. He was eventually apprehended. Dominique appeared to be intoxicated and stated that he had been "smoking" all day. Paramedics were called to the scene to treat Dominique's injury. Dominique was later convicted of aggravated assault on Office Hoskins.

In this lawsuit, Dominique alleges that Defendants used excessive force "as a means of stopping me from fleeing from them" as he attempted to escape a clearing in the pasture. He contends in his response to the summary judgment motion that the patrol car videos show that Defendants continuously fired their weapons at him even after his vehicle became stuck between a tree or ditch.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED.R.CIV. P. 56(a). A dispute is "genuine" if the evidence "is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000). A fact issue is "material" if its resolution could affect the outcome of the action. *Id.* When reviewing a motion for summary judgment, all facts and inferences are construed in the light most favorable to the nonmovant. *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005).

## III. EXCESSIVE FORCE CLAIM

Claims of excessive force in the course of an arrest implicate the Fourth Amendment right to be free from unreasonable seizure.[2] To establish an excessive force claim, a plaintiff must show "(1) an injury (2) which resulted directly and only from the use of force that was excessive to the need and (3) the force used

---

[2] Dominique's *pro se* complaint claims that the officers' alleged excessive force violated the Eighth and Fourteenth Amendments. Defendants correctly point out that the Eight Amendment does not apply because Dominique was not serving a sentence when these events took place, and there is no basis for a substantive Fourteenth Amendment violation under a "shocks the conscience standard." Those alleged constitutional violations thus fail to state a claim and will be dismissed with prejudice.

Fourth Amendment law on excessive force is the proper doctrine for considering Dominique's claim. Given his *pro se* status and the fact that there is sufficient notice that he is bringing an excessive force claim, the Court will consider this case under the Fourth Amendment.

was objectively unreasonable." *Lockett v. New Orleans City*, 607 F.3d 992, 999 (5th Cir. 2010)(citation and internal quotations omitted). Such force must be determined to be "clearly unreasonable." *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009). Though the ultimate reasonableness inquiry is an objective one, "an officer's subjective motivation and intent are irrelevant." *Hill v. Carroll Cnty.*, 587 F.3d 230, 234 (5th Cir. 2009) (citation omitted.). The Court must measure the force used with the severity of the crime, "whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). The reasonableness of the use of force is to be judged "from the perspective of a reasonable office on the scene, rather than the 20/20 vision of hindsight." *Id.*

It is an understatement to say that Dominique's conduct was erratic and very dangerous. The Defendants' response was a classic case of a "measured and ascending response" to an arrestee's noncompliance. *See Galvan v. City of San Antonio*, 435 Fed. Appx. 309, 311 (5th Cir. 2010). Before using any force, the officers repeatedly ordered Dominique to stop the vehicle. When that proved unsuccessful, they first fired shots at the vehicle's tires in an attempt to stop it without harming Dominique. When Dominique was still able to accelerate his vehicle and drive it towards plaintiff, a shot was fired at the driver's side window.

At this point, when the defendants had reason to fear for their lives, firing at the driver was a reasonable use of force. The defendants conduct after the vehicle became lodged between the trees further demonstrates the measured nature of their response. They first tried to remove the keys from the ignition, at great risk to the officers who reached into the vehicle through the shattered window.

In his response to the summary judgment motion, Dominique makes two arguments. First, he contends that videos from the patrol cars' cameras (Exhibits 1B and 5A) "show that the vehicle was stuck between a tree and/or in a ditch when the Defendant's began discharging their weapons." Document Entry No. 51 at 3. But the Court's review of the video evidence reveals that it does not show the location of Dominique's vehicle when the shots were fired (or after the officers exited their vehicles and began to chase Dominique on foot through the woods). To the extent Dominique's erroneous statement of what the videos show can be considered as his testimony about the timing of events for summary judgment purposes—a proposition the Court does not accept even given the liberal pleading and evidentiary standards afforded *pro so* plaintiffs because the brief is framed solely in terms of what the video shows without any purported recollection from the Plaintiff—the Defendants' use of force would still be reasonable if committed after the vehicle stopped. Dominique continued to rev his engine and refused orders to stop the vehicle and submit to the officers. The danger he still posed is

not mere speculation; after the car was lodged between the trees and came to a temporary stop, Dominique was able to dislodge the vehicle and drive it through the woods with an officer half inside the vehicle and half outside.

Dominique's second argument is that he was not armed so the Defendants' use of force was excessive. First, the officers had no way of knowing Dominique was not armed. More fundamentally, a vehicle is obviously a deadly weapon and numerous cases have recognized that it may be reasonable for law enforcement to discharge firearms if a vehicle is used in a manner that poses a serious risk to their safety and life. *See, e.g.*, *Hathaway v. Bazany*, 507 F.3d 312 (5th Cir. 2007): *Estate of Shaw v. Sierra*, 366 Fed. Appx. 522 (5th Cir. 2010); *Wilkinson v. Torres,* 610 F.3d 546 (9th Cir. 2010); *Pace v. Capobianco,* 283 F.3d 1275 (11th Cir. 2002) (all finding that firing shots in response to the danger posed by an automobile was reasonable)

Given the extreme danger that Dominique deliberately placed Defendants' lives in and his repeated refusal to comply with their ascending attempts to stop him, the force used in subduing him was reasonable. *Graham*, 490 U.S. at 397 (noting the reasonableness of force must be evaluated against the backdrop of a plaintiff's broader interaction with law enforcement). In this "tense, uncertain, and rapidly evolving" situation contemplated by the Supreme Court in *Graham*, 490 U.S. at 396-97, Defendants had probable cause to fear for their safety and the split-

second judgments they made in a hostile, erratic, and dangerous environment were not unreasonable.  *Id*.  Because the factual record viewed in plaintiff's favor does not support a finding of excessive force, defendants' motion for summary judgment is **GRANTED.**  This case is **DISMISSED** with prejudice.  A separate final judgment will issue.

    SIGNED this 30th day of September, 2013.

                                                    _____
                                                                Gregg Costa
                                                          United States District Judge